(Reap. Dec. 10518)

THE A. W. FENTON CO., INC. *v.* UNITED STATES

Entry No. 3833.

(Decided May 16, 1963)

*Garth E. Griffith* for the plaintiff.

*John W. Douglas,* Assistant Attorney General (*Morris Braverman,* trial attorney), for the defendant.

WILSON, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

MR. GRIFFITH: It is hereby stipulated by and between counsel for the Government and counsel for the Plaintiff, with respect to the merchandise undergoing appraisement that:

First, such or similar merchandise is not freely sold or offered for sale in the principal markets of the country of exportation in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States; and

Second, such or similar merchandise is not freely sold or offered for sale in the principal market of the United States for domestic consumption; and

Third, the cost of materials and the fabrication or other processing employed in the production of such or similar merchandise in the ordinary course of business, plus an amount for general expenses and profits equal to that usually reflected in sales of merchandise of the same general kind as the merchandise undergoing appraisement which are made by producers in the country of exportation in the usual wholesale quantities and in the ordinary course of trade for shipment to the United States, plus an amount for the cost of all containers and coverings of whatever nature and all other expenses incidental to place the merchandise in condition, packed ready for shipment to the United States, equals $2,900.

MR. BRAVERMAN: From information and authority obtained from the Bureau of Customs, and the Treasury Department in Washington, D.C., the Government so stipulates.

On the agreed facts, I find cost of production, as that value is defined in section 402a(f) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, to be the proper basis for the determination of the value of the merchandise here involved and that such value was $2,900.

Judgment will be entered accordingly.